IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 SEP 20 AM II: 23

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CURTIS L. BYRD, JR.,

    Plaintiff,

vs.                                 No. 05-2472-D/V

P. STEPHEN ORR, et al.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE

    Plaintiff Curtis L. Byrd, Jr. filed a pro se complaint pursuant to, inter alia, the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., on July 5, 2005, along with a motion seeking leave to proceed in forma pauperis.

    Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A

---

[1]     Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-20-05



plaintiff seeking in forma pauperis standing must respond fully to the questions on the Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Brogue v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

Plaintiff's motion to proceed in forma pauperis does not adequately document his monthly income, assets, and financial obligations. The plaintiff's financial affidavit provides no information about the means by which the plaintiff is supporting himself and no information concerning his monthly expenses. The information provided by the plaintiff is, therefore, insufficient to permit the Court to conclude that he is indigent and unable to pay the filing fee or to give security therefor.

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, either to pay the $250 civil filing fee or to file a properly completed in forma pauperis affidavit that is executed in compliance with 28 U.S.C. § 1746. The Clerk is ORDERED to send the plaintiff another copy of the nonprisoner in forma pauperis affidavit along with this order. Failure to timely comply with this order will result in dismissal

of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this __16__ day of September, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02472 was distributed by fax, mail, or direct printing on September 20, 2005 to the parties listed.

---

Curtis L. Byrd
4746 Spottswood #349
Memphis, TN 38117

Honorable Bernice Donald
US DISTRICT COURT